Shackelford, J.,
delivered the opinion of the Court.
The plaintiff in error, was presented at the July Term, 1860, of the Circuit Court of Carter County, for selling spiritous liquors to - a slave. A trial and conviction was had at the March Term, 1866. A motion was made for a new trial, and in arrest of judg *123 ment; wbicb was overruled. A fine of $50 was imposed; from which he has appealed to this Court.
It is insisted, in behalf of the plaintiff in error, that, “The Court erred in refusing to arrest the judgment and quash the presentment, because, although at the time it was made, the act presented an offense, yet at the time of trial, there was, and could be, no such offense known to our criminal law. Slavery had been abolished by a constitutional amendment, and all laws recognizing a state of slavery, were “'ipso facto” repealed, previous to the trial and conviction of the prisoner.”
It is insisted in behalf of the State, “admitting the repeal of sections 2677 and 2679, under which the presentment was framed; by the provisions of section 49 of the Code, the repeal of a Statute does not affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the repealed Statute.”
This presentment was a proceeding commenced before the repeal of the Statute creating the offense, and falls under the provisions of section 49 of the Code. By the common law, the repeal of a Statute creating an offense, as effectually obliterates it from the Statute books, as if it had never been enacted, and it was considered as a law that never existed, except as to those cases that were commenced and determined before the repeal: Kent’s Com., 465; Bouvier’s Inst., 44. Sections 2677 and 2679 of the Code, by which persons were prohibited from selling spirituous liquors to a slave, without permission in writing *124 from the master, if any doubt existed of the repeal of the amendments to the Constitution, were expressly repealed by the Act of the Legislature, passed-, 1866, by which all laws and parts of laws, relative to slaves, are repealed.
The object and intention of the Legislature, in the passage of sec. 49 of the Code, was, to provide by general law, against this principle of the common law; where suits had commenced, the repeal of a Statute would defeat the jurisdiction of the Court, where rights had vested, costs had been incurred, etc. The Legislature ■ having made no exceptions, in the section, as to criminal cases, we can make none. The language of the Act is very broad, and embraces all proceedings commenced under the Statute. We are, therefore, of ojDin-ion-section 49 of the Code, is a repeal of the common law principle. The presentment having been found before the repeal of the Statute, was a proceeding commenced within the meaning of section 49 of the Code, and the conviction and judgment were proper, and are affirmed.